**SANDERS LAW GROUP**
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
File No.: 123545
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Semi Lee,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JP Morgan Chase Bank N.A. and Experian Information Solutions, Inc.,<br><br>　　　　　　Defendants. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Semi Lee ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against JP Morgan Chase Bank NA (hereinafter referred to as "*Chase*" or *"Furnisher Defendant"*), Experian Information Solutions, Inc. (hereinafter referred to as "*Experian*" or "*CRA Defendant*") (collectively Furnisher Defendant and CRA Defendant are referred to as "*Defendants*") as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1681 *et seq*.

2. This action is commenced against the CRA Defendant for reporting inaccurate or misleading information on Plaintiff's credit report in violation of §1681e(b) and for their failure to conduct a reasonable investigation into Plaintiff's disputes in violation of §1681i(a) after having received dispute letters from Plaintiff disputing the inaccurate reporting on Plaintiff's consumer reports.

3. This action is commenced against the Furnisher Defendant for violations of the Fair Credit Reporting Act under 15 U.S.C. §1681s-2(b) for their failure to conduct a reasonable and/or

1

good faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information.

4. Plaintiff brings this action in order to recover, *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports which continues to affect Plaintiff's creditworthiness and credit score. As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

5. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an order issued by this court enjoining Defendants from persisting in its violative behaviors.

## JURISDICTION AND VENUE

6. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff Semi Lee is an individual who is a citizen of the State of Jersey City, New Jersey residing in Hudson County.

9. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. § 1681a(c).

10. Defendant Chase is a "furnisher of information" (hereinafter "*Furnisher*") as contemplated by 15 U.S.C. § 1681s-2(b).

11. Defendant Chase is a national banking association with its principal place of business located at 1111 Polaris Parkway in Columbus, Ohio and maintains offices in the State of New York and may be served with process on its registered agent CT Corporation System, 28 Liberty Street, New York, NY 10005.

12. Defendant Experian is a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. 1681a(f), that regularly conducts business in this judicial district.

13. Defendant Experian has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626, is registered to do business in the State of New York, and may be served with process upon CT Corporation System, its registered agent for service of process at 28 Liberty Street, New York, NY 10005.

14. Defendant Experian by contractual agreement, disbursed consumer background reports for remuneration to third parties.

### SUBSTANTIVE ALLEGATIONS OF FCRA

15. As described above, Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681 which states as follows:

> (a)(1) The banking system is dependent upon fair *and accurate* credit reporting. *Inaccurate credit reports directly impair the efficiency of the banking system*, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a *need to insure that consumer reporting agencies exercise their grave responsibilities with fairness*, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

16. The FCRA mandates that CRAs adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

17. CRAs compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation.  That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing.

18. Plaintiff has a legally protected interest in the Defendants fulfilling their duties under the FCRA so that the credit information being furnished and reported by them is maintained fairly with the maximum levels of confidentiality, accuracy, and relevancy.

19. Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

20. Plaintiff Semi Lee had two credit cards with Chase which due to financial difficulty became delinquent.

21. On a date better known by Chase, these two accounts were charged off.

22. One account was charged off with a balance of $5,439 (hereinafter referred to as Chase Account #4266).

23. The other account was charged off with a balance of $6,083. (hereinafter referred to as Chase Account #4147).

24. These debts were a negative blight on Plaintiff's credit report which created negative blights on Plaintiff's credit report which she sought to resolve so that she may apply for other credit accounts.

25. On or around 8/12/2021, Plaintiff settled the Chase Account #4266 for 2,000 and Chase Account #4147 for $2,000.

26. These settlements resolved the debts in their entirety and nothing more is due and owing. As such, Plaintiff's credit reports should reflect that the debt is settled or paid off for less than the amount owed with a zero balance.

27. On or around 8/13/2021 ("8/13/2021 FCRA dispute letter"), Plaintiff caused a FCRA dispute letter to be sent to CRA Defendant and non-parties Trans Union LLC and Equifax Information Services LLC (collectively referred to as "Non-party CRAs") via certified mail.

28. This 8/13/2021 FCRA dispute letter informed the CRA Defendant and Non-party CRAs that both Chase accounts were settled and that the outstanding balances should be $0.

29. Based upon tracking information from the United Stated Postal Service, CRA Defendant received the 8/13/2021 FCRA dispute letter on 8/19/2021 and within five business days of receipt, they forwarded the notice of dispute and all relevant information regarding the dispute to Furnisher Defendant.

30. Upon information and belief, Furnisher Defendant received the notice of dispute.

31. Now, more than forty (40) days have passed for the Defendants to investigate the FCRA dispute, but Defendants have failed to conduct an investigation and both Chase accounts are reporting inaccurately as of September 29, 2021.

32. Following the Defendants' investigation period, Chase Account #4266 reflects the same original balance of $5,439 prior to Plaintiff's 8/12 payment, with no update and the tradeline is not marked disputed.

33. Following the Defendants' investigation period, Chase Account #4147 reflects an updated balance of $4,083 which instead of $0, represents the balance of what Plaintiff owed compared to their settlement payment.

34. Since both Chase accounts were settled and paid off entirely, the reporting of any remaining balance and the failure to indicate that the debt is settled is inaccurate, misleading and violates the FCRA.

35. Furthermore, Plaintiff would not have settled these accounts if her credit report would remain unchanged or instead updated to represent a reduction in balance.

36. Notably, both Non-party CRAs updated Plaintiff's consumer credit report to reflect that both Chase accounts were settled and reflect a $0 balance leaving only Plaintiff's Experian credit report compromised.

37. Upon information and belief, Defendants either failed to perform any investigation at all or performed an unreasonable investigation and erroneously verified the inaccurate account as accurate.

38. Upon information and belief, CRA Defendant failed to provide the Furnisher Defendant with the notice of dispute pursuant to the FCRA.

39. Had Defendants performed a reasonable investigation, the accounts at issue would have been modified to reflect the fact that they were settled with no remaining balance, or the tradelines would have been deleted entirely.

40. As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including but not limited to: the loss of the ability to use and enjoy the benefits of her credit; the costs in both time and money associated with requesting credit reports, meeting with professionals regarding resolving this issue and submitting dispute letter via certified mail and the anxiety and emotional distress of the Defendants' failure to comply with the dispute letters and update the credit reporting.

## COUNT I
### CRA Defendant's Violations of the FCRA, 15 U.S.C. §1681e(b).

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

42. The CRA Defendant systemically violated 15 U.S.C. §1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff they published.

43. Upon receipt of Plaintiff's disputes, the CRA Defendant was legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation. At a minimum, CRA Defendant was required to mark the statuses of the tradelines as disputed on the consumer's background reports but failed to do so for both Chase accounts.

44. Upon information and belief, the CRA Defendant's conduct in the instant matter is representative of their normal policies and procedures or lack thereof for maintaining accurate credit reporting.

45. In violation of §§ 1681e(b) and 1681(i), the CRA Defendant failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

46. Plaintiff disputed the inaccurate information and the CRA Defendant willfully, intentionally, recklessly and negligently failed to perform a reasonable investigation to remove the inaccurate information.

47. As a result of the CRA Defendant's violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

48. In violation of § 1681o and § 1681n, the CRA Defendant's conduct was a direct and proximate cause of Plaintiff's injury.

49. The CRA Defendant is liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

50. As a result of the CRA Defendant's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

51. For the foregoing reasons, the CRA Defendant violated 15 U.S.C. § 1681e(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II
### CRA Defendant's Violations of the FCRA, 15 U.S.C. §1681i *et seq.*

52. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

53. The CRA Defendant violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

54. The CRA Defendant violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon the Furnisher Defendant and merely parroting information received from the furnisher.

55. The CRA Defendant violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendant all of the relevant information regarding Plaintiff and his dispute.

56. The CRA Defendant violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

57. The CRA Defendant violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

58. Upon information and belief, CRA Defendant never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendant; or (iv) requested or obtained any relevant documents from Furnisher Defendant. As such there is no evidence of a reasonable investigation being conducted.

59. As a result of the CRA Defendant's violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above.

60. The CRA Defendant's violations were willful because they had knowledge of the issue after receiving a detailed dispute letter and/or reckless disregard for the information provided in that dispute, rendering CRA Defendant individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

61. In the alternative, the CRA Defendant was negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

62. For the foregoing reasons, the CRA Defendant violated 15 U.S.C. § 1681i and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III
### Furnisher Defendant's Violations of the FCRA, 15 U.S.C. §1681s-2(b)

63. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

64. At all times pertinent hereto, the Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

65. The Furnisher Defendant has a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

66. The Furnisher Defendant has an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

67. The FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher–to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

68. On each occasion referenced in the above statement of facts where a dispute was sent to a CRA Defendant, upon information and belief, the CRA Defendant provided Furnisher Defendant the notice of dispute and all relevant information regarding the disputes.

69. Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendant, Furnisher Defendant received the notice of dispute and all relevant information regarding the disputes.

70. Upon information and belief, the Furnisher Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

71. The Furnisher Defendant failed to correct or remove the inaccurate information from the account and credit report and report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

72. Upon information and belief, the Furnisher Defendant's conduct in the instant matter is representative of their normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

73. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

74. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to review all relevant information concerning Plaintiff's account as provided.

75. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

76. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation;

77. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete inaccurate or incomplete information after conducting a reinvestigation.

78. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

79. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

80. As a result of the Furnisher Defendant's conduct, Plaintiff suffered damages, mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials, and reputation as a successful borrower.

81. Further, Plaintiff suffered actual damages which have been further described above in the statement of facts.

82. The Furnisher Defendant's conduct was willful in that they had direct knowledge of the settlement agreements, were a party to that settlements, received payments for those settlements, and received a FCRA dispute notice regarding the tradelines at issue from the CRAs, but continued to report the tradeline inaccurately.

83. Alternatively, Furnisher Defendant exhibited a reckless disregard and unjustifiably high risk to the Plaintiff upon receipt of the FCRA dispute and still failed to conduct a reasonable investigation and correct the credit reporting.

84. The Furnisher Defendant is liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

85. In the alternative, the Furnisher Defendant's conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

86. For the foregoing reasons, the Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## JURY DEMAND

87. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendants, as follows:

    a    Adjudging that Defendants actions violated the FCRA and enjoining Defendants from persisting in their violative behaviors; and

    b    Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

    c    Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

d    Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

e    Granting Plaintiff costs and reasonable attorney's fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b).

f    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

g    Such other and further relief as the Court determines is just and proper.

DATED: September 29, 2021

**SANDERS LAW GROUP**

By:    */s/ Alain Cesar*
Alain Cesar, Esq.
100 Garden City Plaza
Suite 500
Garden City, NY 11530
Tel: (516) 203-7600 ext 1270
Email: acesar@sanderslaw.group
File No.: 123545
*Attorneys for Plaintiff*